NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFF BOSS, | Civil Action No.: 08-4832 (JLL) |
| Plaintiff, | |
| v. | |
| NATIONAL SECURITY AGENCY, | **O P I N I O N** |
| Defendant. | |

**LINARES**, **District Judge:**

Plaintiff pro se, Jeff Boss, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence, this Court (1) grants Plaintiff's application to proceed in forma pauperis, and (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a). Having reviewed Plaintiff's allegations, however, the Court will dismiss the Complaint without prejudice, with leave to file an amended complaint.

## BACKGROUND

Plaintiff filed a Complaint that was received by this Court on September 29, 2008. The Complaint alleges that the National Security Agency ("NSA") "used [its] power to ruin my campaign" by bugging his home and car, tracking his campaign literature, interfering with phone calls that prevented him from "get[ting] the message out," and trying to kill him. (Compl., ¶¶ 1-2,4,7-9,12.) He states that this Court has jurisdiction "over the general election for President of the United States," and that this Court "is responsible for providing a fair election under our

Constitution." (Compl., introduction.) His complaint seeks an injunction delaying the presidential election until July 2009 and 400 million dollars in damages.

## LEGAL STANDARD

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Thus, a pro se Complaint may be dismissed for failure to state a claim only if the allegations set forth by the plaintiff cannot be construed as supplying facts in support of a claim which would entitle the plaintiff to relief. See Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, the court need not credit "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Finally, where a pro se complaint can be remedied by an amendment, a district court may not dismiss it with prejudice, but must permit the filing of an amended complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

## ANALYSIS

Having thoroughly reviewed Plaintiff's Complaint, this Court cannot ascertain the legal basis of Plaintiff's claims. Thus, the Complaint violates the requirements of Federal Rule of Civil Procedure Rule 8(a), which requires that the Complaint set forth (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," and (2) "a short and plain

statement of the claim showing that the pleader is entitled to relief."

Although Plaintiff states that this Court "has jurisdiction over the general election," he has not provided any guidance as to which federal election law, if any, (or any other law) he feels has been violated, whether the NSA is an appropriate defendant, or whether the remedies he seeks are available to him.  Without a short and plain statement of the legal basis of Plaintiff's claim(s), this Court cannot ascertain whether it has jurisdiction to hear the instant cause of action nor has Defendant been provided with adequate notice as to the legal substance of Plaintiff's claims.  The Court, therefore, will dismiss Plaintiff's Complaint for failure to adhere to Rule 8's pleading requirements.  However, the shortcomings of the Complaint do not foreclose the possibility that Plaintiff may be able to state a cognizable claim by filing an amended complaint.  Therefore, considering the pro se status of Plaintiff, the dismissal of the Complaint will be without prejudice to the filing of an amended complaint.

## CONCLUSION

Given the foregoing, the Court grants Plaintiff's application to proceed in forma pauperis, but dismisses the Complaint, without prejudice, with leave to file an amended complaint within thirty (30) days of entry of this Opinion and accompanying Order.  If Plaintiff fails to file an amended complaint within thirty (30) days, his Complaint will be dismissed with prejudice.

An appropriate Order accompanies this Opinion.

Dated: October 6, 2008

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE